IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HUBERT CALIXTE, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | |
| vs. ) | |
| ) | |
| VILLAGE OF GLENVIEW, ) | |
| a municipal corporation, ) | |
| OFFICER JOHN DOE, star #165, ) | |
| a Glenview Police Officer, ) | |
| ) | |
| Defendants. ) | |

# **COMPLAINT**

Jurisdiction/Venue

1. This incident occurred on or about December 31, 2014 in the Village of Glenview, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

3. At all relevant times pertaining to this occurrence, the Plaintiff, Hubert Calixte, was a resident of the Northern District of Illinois.

4. At the time of this occurrence, Defendant Village of Glenview was a municipal corporation and the principal employer of Defendant Officer John Doe, Star #165 (hereinafter "Defendant Officer"), who was acting under color of law and in the scope of his employment with Defendant Village of Glenview as a duly sworn police officer.

Facts

5. On or about December 31, 2014, at the Village of Glenview police station, the Defendant Officer arrested the Plaintiff without any probable cause or legal justification for doing so.

6. That day, the Plaintiff transported his roommate to the police station that day so that she could make a police report.

7. Rather than taking her report, the Defendant Officer interrogated the Plaintiff, and then illegally arrested, detained, and searched him.

8. In doing so, the Defendant Officer placed handcuffs on the Plaintiff and took him into custody, thus restricting his freedom of movement.

9. The Defendant Officer then put the Plaintiff in a police car and drove the Plaintiff around for a substantial period of time. During this time, the Plaintiff remained handcuffed in the back of a locked police car.

10. The Defendant Officer then brought the Plaintiff, who was still handcuffed, back to the police station.

11. The Plaintiff was photographed, fingerprinted, and then, the Defendant Officer, maliciously and without probable cause, issued the Plaintiff a $200 ticket for "fraud."

12. The next day, the ticket was voided by another Village of Glenview police officer.

13. The Plaintiff did nothing to justify being arrested and the actions of the Defendant Officer were unreasonable.

14. The actions of the Defendant Officer and the Defendant Village of Glenview in falsely arresting the Plaintiff violated the Plaintiff's rights under the Fourth Amendment and Fourteenth Amendments to the United States Constitution, to be free from unreasonable searches and seizures, thus violating 42 U.S.C. §1983.

15. As a result of the unlawful arrest, and all of the other aforementioned actions by the Defendant Officer, the Plaintiff was injured. Those injuries include, but are not limited to, loss of liberty, humiliation, emotional distress, and pecuniary damages.

16. The Plaintiff brings a §1983 false arrest claim against the Defendant Officer.

17. The Plaintiff brings a claim of indemnification against Defendant Village of Glenview to indemnify the Defendant Officer if he is found liable for any damages (except punitive) on the federal claim brought by the Plaintiff.

18. Additionally, the Plaintiff brings a *respondeat superior* claim against Defendant Village of Glenview for false imprisonment for the acts of the Defendant Officer described in this Complaint, who was acting within the course and scope of his employment at the time of the actions.

19. The Plaintiff seeks punitive damages against the Defendant Officer.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

By: s/Richard Dvorak
Richard Dvorak,
Attorney for the Plaintiff.

Richard Dvorak
Iveliz Maria Orellano
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527
(312) 593-7146
richard.dvorak@civilrightsdefenders.com